IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

09 SEP 14 PM 4 05

| | |
|---|---|
| Kevin Clifford, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| Progressive Financial Services, a Pennsylvania corporation, | ) 1:09-cv-1151 SEB-DML |
| Defendant. | ) Jury Demanded |

## COMPLAINT

Plaintiff, Kevin Clifford, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Kevin Clifford ("Clifford"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Rural Metro Ambulance.

4. Defendant, Progressive Financial Services ("PFS"), is a Pennsylvania corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because

it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, PFS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5. On May 2, 2008, Mr. Clifford filed a Chapter 7 bankruptcy petition in a matter styled In re: Clifford, S.D. Ind. Bankr. No. 08-05163-BHL-7. Among the debts listed on Schedule F of Mr. Clifford's bankruptcy petition was a debt he allegedly owed to Rural Metro Ambulance. See, excerpt of bankruptcy petition, attached as Exhibit A.

6. On May 8, 2008, Rural Metro Ambulance was sent, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, which is attached as Exhibit B.

7. On August 12, 2008, Mr. Clifford received a discharge from his debts, and on August 14, 2008, Rural Metro Ambulance was sent notice of the discharge via U.S. Mail, see, Notice of Discharge of Debtor and Certificate of Service, attached as Exhibit C.

8. Despite Mr. Clifford's bankruptcy, during May and June, 2009, Defendant PFS called Mr. Clifford, as well his mother, several times each week to demand that he pay the Rural Metro Ambulance debt. Mr. Clifford repeatedly told Defendant's debt collectors that he had received a discharge from his debts, including the Rural Metro Ambulance debt, from the bankruptcy court and attempted to give Defendant's debt collectors his attorney contact information. In response, Defendant's debt collectors

2

falsely claimed that Mr. Clifford's bankruptcy had been dismissed and that he had to pay the debt.

9. These collection phone calls did not cease until June 19, 2009, when Mr. Clifford's attorney called and wrote to Defendant, to demand that it cease collections.

10. All of Defendant PFS' collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

14. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

15. Moreover, falsely stating that Mr. Clifford's bankruptcy had been dismissed, and that he, therefore, had to pay the debt at issue, is another false statement that further violates § 1692e(2)(A) of the FDCPA.

16. Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA –
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-11.

18. Section 1692c(a)(2) prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

19. Defendant PFS, was given direct notice by Mr. Clifford that he was represented by an attorney in connection with the debt at issue. By continuing to directly call Mr. Clifford, despite notice that he was represented by counsel in connection with this debt, Defendant violated § 1692c(a)(2) of the FDCPA.

20. Defendant's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT III
### Violation Of § 1692c(b) Of The FDCPA --
### Contacting Plaintiff's Family

21. Plaintiff adopts and realleges ¶¶ 1-11.

22. Section 1692c(b) of the FDCPA prohibits a debt collector, absent express permission from the consumer, from communicating with any person other than the consumer. Defendant PFS, by calling Mr. Clifford's mother about the debt, without Mr. Clifford's permission, violated § 1692c(b) of the FDCPA.

23. Defendant PFS's violations of § 1692c(b) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Kevin Clifford, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Clifford, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Kevin Clifford, demands trial by jury.

Kevin Clifford,

By: _____
One of Plaintiff's Attorneys

Dated: September 14, 2009

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
dphilipps@aol.com
mephilipps@aol.com

Steven J. Halbert     (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com